UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TOM ALLEN PERRY, SR.,

                Petitioner,

-vs-                                      Case No.  8:06-cv-1443-T-17MAP

SECRETARY, DEPARTMENT OF
CORRECTIONS,

                Respondent.
_____

## ORDER

      Petitioner Perry was sentenced in Polk County, Florida in 2002.  A search of the Westlaw data base demonstrates that his sentence and conviction were affirmed by the State District Court of Appeal on September 29, 2004. <u>Perry v. State</u>, 888 So. 2d 34 (Fla. 2d DCA 2004). The electronic docket sheet indicates that he filed an appeal from a collateral attack on his conviction and that the decision denying relief was affirmed on February 18, 2005.  <u>Perry v. State</u>, 896 So. 2d 759 (Fla. 2d DCA 2005). The mandate issued March 15, 2005.

      Petitioner Perry did not file a timely 28 U.S.C. § 2254 petition for writ of habeas corpus in the United States District Court for the Middle District of Florida.  Instead, he signed a motion for tolling time in the United States District Court for the Northern District

of Florida on October 25, 2005. (Case No. 4:05-cv-409-WS-WCS). Although that Court treated the motion for tolling time as a habeas corpus petition, the records show that Petitioner never filed a 28 U.S.C. § 2254 petition with any underlying claims for relief.

The Report and Recommendation transferring the case, which was adopted by the United States District Judge in the Northern District of Florida reads in pertinent part:

> This case was initiated by the filing of a document titled a "motion tolling time." Doc. 1. Petitioner also filed a "notice of appeal" from the state court order denying his motion to suppress evidence. Doc. 4.
>
> The undersigned granted leave to proceed in forma pauperis and directed Petitioner to show cause why the case should not be dismissed. Doc. 5 (incorporated herein by reference). As set forth there, this court does not consider appeals from state courts, and any remedy would be by petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was advised that, "[i]f he wishes to continue with this case he must state the federal basis for his claim with facts in support, state exactly what relief he seeks from this court, and explain what relief has been granted in state court." Doc. 5, p. 2. He was given until February 13, 2006, to file a response or alternatively, to file a notice of voluntary dismissal. *Id.*, p. 3. He was advised that failure to respond to court orders would result in a recommendation of dismissal. *Id.*
>
> On February 23, 2006, it was recommended that the case be summarily dismissed for failure to prosecute. Doc. 6. The recommendation was adopted and judgment entered on March 28, 2006. Docs. 7 and 8.
>
> Petitioner then filed a motion for reconsideration. Doc. 9. He alleged that he was at River Junction Work Camp when he initiated this case but from October 17, 2005 until March 6, 2006, he was held in "outside court" in Polk County "to testify at a trial that never happened." *Id.*, pp. 1-2. Petitioner alleged that while at the Polk County Jail he had no one to assist him with legal matters. *Id.*, p. 2. At this point, Petitioner claims, he "is working hard at preparing a petition for writ of habeas corpus pursuant to Rule 28 U.S.C. § 2254." *Id.*, pp. 2-3.
>
> Based on Petitioner's claim that his failure to file documents was due to his movement from facility to facility and he clearly wanted to prosecute this case, the motion for reconsideration was granted, the order and

judgment were vacated and set aside, and the case was returned to the undersigned for further proceedings. Doc. 10.

To date, Petitioner has not filed a § 2254 petition. In the motion for reconsideration he challenges a stop and search of his vehicle. He asserts that the search was made without probable cause or his consent, so the evidence seized could not be used against him. Doc. 9, pp. 4-8.

> n.1 This Petitioner ("Senior") was under investigation, and law enforcement had arranged for a confidential informant to make a controlled purchase of methamphetamine from him. *Id.*, at 836-837. The state court found that while the developed facts permitted his immediate arrest, the methamphetamine found on his son (who was in the vehicle only a few minutes before the stop) was the fruit of an illegal search. *Id.*, at 841.

Although not apparent from his pleadings, Petitioner was convicted in Polk County, Florida. The Department of Corrections website reflects that sentences were imposed there on June 30, 2003, for two offenses of trafficking in amphetamine. The facts regarding the search are set forth in a published opinion regarding Petitioner's son, Tom Allen Perry, Junior, who was in the car with Petitioner at the time of arrest. Perry v. State, 916 So.2d 835, 836 (Fla. 2d DCA 2005) (referring to this Petitioner as "Senior" to avoid any confusion) (appeal from the Circuit Court in Polk County). n1 This Petitioner has taken two appeals from the Circuit Court in Polk County, decided without published opinion on September 29, 2004, and February 18, 2005. Tom Allen Perry, Sr. v. State, 888 So.2d 34 (Table) (Fla. 2d DCA 2004); Tom Allen Perry, Sr. v. State, 896 So.2d 759 (Table) (Fla. 2d DCA 2005).

Assuming that Petitioner intends to file a § 2254 petition, jurisdiction is appropriate here and in the Middle District as the districts of confinement and conviction, respectively. 28 U.S.C. § 2241(d). The district of conviction would appear to be the most convenient and appropriate venue, and this cause should be transferred to the Middle District of Florida pursuant to § 2241(d). *See also*, Parker v. Singletary, 974 F.2d 1562, 1582 and nn. 114 and 118 (11th Cir. 1992) (finding transfer "in furtherance of justice" under § 2241(d), citations omitted); Eagle v. Linahan, 279 F.3d 926, 933, n. 9 (11th Cir. 2001).

The Report and Recommendation clearly states that Petitioner had never filed a 28

U.S.C. § 2254 petition for writ of habeas corpus in the Northern District.

After the Report and Recommendation was adopted, the United States District Court for the Northern District of Florida transferred the motion for tolling to this Court on June 5, 2006. A new case number was assigned. This Court construed the filing as a motion for tolling in case number 8:06-cv-1074-T-17TBM. This Court found that tolling was not applicable, denied the motion, entered judgment against Perry, and closed the case on June 19, 2006. The time that the case was pending in the United States District Court for the Northern District of Florida did not toll the running of the AEDPA one-year limitations period. See Duncan v. Walker, 533 U.S. 167, 181-182, (2001) (holding that the statute of limitations is not tolled during the pendancy of a federal petition). Perry did not file a Notice of Appeal in case no.8:06-cv-1074-T-17TBM.

Now, Perry has filed the present petition alleging that his original case should not have been transferred from the Northern District and that the present case is a petition for writ of habeas corpus.

### Present Petition Is Time-Barred

The Anti-Terrorism and Effective Death Penalty Act created a new limitations period for petitions for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of ... the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review...." 28 U.S.C. §2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall

not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

A review of the on-line docket sheet in <u>Perry v. State</u>, 896 So. 2d 759 (Fla. 2d DCA 2005) shows that the case was judgment and conviction were affirmed on February 18, 2005. The conviction became final on direct appeal 90 days after that date, or May 19, 2005. Petitioner had one year from that date to file a petition for writ of habeas corpus. He did not sign the present federal petition until July 31, 2006. Therefore, the petition is time-barred.

Furthermore, on the merits, and considering the published opinion in his son's case, <u>Perry v. State</u>, 916 So.2d 835, 836 (Fla. 2d DCA 2005), the petition does not warrant relief, even if it were timely.

Petitioner's motion to suppress was denied by the state trial court. Petitioner appealed the denial of the motion to suppress. (See petition, pp. 7-8). In <u>Stone v. Powell</u>, 428 U.S. 465 (1976), the Supreme Court held that a state court's determination that a particular search or seizure does not violate the defendant's Fourth Amendment rights is not reviewable on federal habeas, so long as the defendant had a full and fair chance to litigate the Fourth Amendment claim in the state court. The decision in <u>Stone</u> rested on prudent concerns that counseled against the application of the Fourth Amendment exclusionary rule on federal collateral review. <u>Stone</u>, 428 U.S. at 494-95, n.37.

The Court reasoned that the Fourth Amendment exclusionary rule was not a personal constitutional right. Rather, the rule was designed to deter future Fourth Amendment violations, and its application on federal habeas many years after the alleged

police misconduct would only marginally advance the goal of deterrence. Moreover, allowing federal habeas review would exclude ordinarily reliable evidence, waste judicial resources, frustrate the necessity of finality and increase friction between federal and state systems. Stone, 428 U.S. at 491. Petitioner perry had a full and fair chance to litigate his Fourth Amendment claim at his motion to suppress hearing and on appeal of the denial of that motion. Therefore, Petitioner's claim is not reviewable by this Court.

Accordingly, the Court orders:

That Petitioner's petition for writ of habeas corpus is dismissed. The Clerk is directed to enter judgment against Petitioner Perry and to close this file.

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on August 11, 2006.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Tom Allen Perry, Sr.